Matter of Village of Port Chester v LDV 451 Corp. (2023 NY Slip Op 04981)

Matter of Village of Port Chester v LDV 451 Corp.

2023 NY Slip Op 04981

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-04623
 (Index No. 60239/20)

[*1]In the Matter of Village of Port Chester, et al., appellants, 
v
LDV 451 Corp., respondent, Town of Rye, New York, et al., respondents- respondents.

Anthony M. Cerreto, Village Attorney, Port Chester, NY, for appellants.
Jeffrey M. Binder, Town Attorney, White Plains, NY, for respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 4, inter alia, to adjudge that the Town of Rye is responsible for the costs of the demolition and removal of a building located in the Village of Port Chester that was destroyed by fire, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Janet C. Malone, J.), dated May 17, 2021. The judgment, insofar as appealed from, dismissed the proceeding insofar as asserted against the respondents Town of Rye, Nicholas Mecca, Receiver of Taxes, and Gary Zuckerman, Supervisor of the Town of Rye, for failure to state a cause of action.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On May 5, 2020, the Town of Rye secured a judgment of foreclosure of a tax lien against certain real property, owned by LDV 451 Corp., located in the Village of Port Chester. LDV 451 Corp. did not interpose an answer in that proceeding. That judgment authorized the Receiver of Taxes of the Town of Rye to convey title to the property to the Town in accordance with RPTL 1136 and 1150. Before title was conveyed, on August 30, 2020, a five-alarm fire destroyed the building on that property, requiring its emergency demolition and removal.
The Village commenced this proceeding against the Town, Nicholas Mecca, Receiver of Taxes of the Town, and Gary Zuckerman, Supervisor of the Town (hereinafter collectively the Town respondents), and LDV 451 Corp. seeking reimbursement of the costs relating to the demolition and removal of the fire-ravaged building, on the ground that the Town was "seized with equitable title" to the property at the time that the fire occurred. In a judgment dated May 17, 2021, the Supreme Court, inter alia, dismissed the proceeding insofar as asserted against the Town respondents on the ground that there was no cause of action against them. The petitioners appeal.
The Town did not have title to the property at the time that the fire occurred. No other basis is asserted to impose liability upon the Town respondents (see generally Copeland v Salomon , 56 NY2d 222, 230-231). Accordingly, the proceeding was properly dismissed insofar as asserted against the Town respondents for failure to state a cause of action.
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court